J-S12028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HEATHER LYONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH SHERIFF, JR. | : | |
| | : | |
| Appellant | : | No. 2565 EDA 2025 |

Appeal from the Order Entered September 19, 2025
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2025-30358

BEFORE: McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY SULLIVAN, J.:                **FILED JULY 13, 2026**

Joseph Sheriff, Jr. ("Sheriff") appeals *pro se* from the September 19, 2022, Final Protection from Abuse ("PFA") Order prohibiting Sheriff from contacting in any way, abusing, stalking, harassing, threatening, or attempting to use physical force against Heather Lyons ("Ms. Lyons").

Sheriff and Ms. Lyons shared physical custody of their Child. In September 2025, the court entered a Final Protection from Abuse Order prohibiting Sheriff from contact with Ms. Lyons. Sheriff then filed a notice of appeal.

Before addressing the merit of Sheriff's issues, we must consider whether the defects in his brief require dismissal of his appeal. Appellate

_____

[*] Retired Senior Judge assigned to the Superior Court.

briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id*.; *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). This Court has stated:

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Freeland*, 106 A.3d 768, 776-77 (Pa. Super. 2014) (internal citations, quotations, and brackets omitted).

It is an appellant's duty to present arguments that are sufficiently developed for our review. *See Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023). Indeed, while we are willing to construe liberally material filed by a *pro se* litigant, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (internal citation, quotations, and brackets omitted). An appellate brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. If a deficient brief hinders

this Court's ability to address any issue on review, the issue will be regarded as waived. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim (citation omitted).

Sheriff's brief fails to comply with multiple rules of appellate procedure. Pennsylvania Rule of Appellate Procedure 2111(a) requires the inclusion of, *inter alia*, a statement of jurisdiction, the order or determination in question, the scope and standard of review, statement of questions involved, statement of the case, summary of the argument, and argument for the appellant. *See generally* Pa.R.A.P. 2111(a). Sheriff's brief does not contain: a statement of jurisdiction (*see* Pa.R.A.P. 2114), a statement of order or other determination in question (*see* Pa.R.A.P. 2115), a statement of both the scope of review and the standard of review (*see* Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (*see* Pa.R.A.P. 2111(4), a statement of the case (*see* Pa.R.A.P. 2117), or a summary of argument (*see* Pa.R.A.P. 2118). Of greatest importance, Sheriff's brief is devoid of any references to or discussion of applicable legal standards, statutes, or case law. *See* Pa.R.A.P. 2119(a) (providing the argument shall be followed by the discussion and citation of pertinent authorities).

Given these deficiencies, this Court is unable to meaningfully review the issues Sheriff purports to raise. Accordingly, Sheriff's failure to conform with our appellate rules compels the dismissal of the appeal. *See* Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed").

Appeal dismissed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/13/2026